IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WANELEY WRAY BROWN, | : | Civil No. 3:15-cv-2480 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| WARDEN MARY SABOL,[1] | : | |
| Respondent | : | |

FILED
SCRANTON
DEC 0 2 2016
Per_____
DEPUTY CLERK

## MEMORANDUM

Petitioner, Waneley Wray Brown, a detainee of the Immigration and Customs Enforcement ("ICE"), currently confined in the York County Prison, York, Pennsylvania, filed the above-captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Brown challenges his continued detention by ICE pending removal. (Doc. 1). Specifically, he states that since being taken into ICE custody on November 26, 2014, he has never had a bond hearing to determine whether his prolonged detention is justified. (*Id.*). Brown essentially argues that the plain language of 8 U.S.C. § 1226(c) cannot be construed to authorize prolonged, mandatory detention. (*Id.* at pp. 5-6). Thus, Brown seeks a bond hearing to determine the possibility of release from custody pending removal. (*Id.* at p. 9). For the reasons set forth below, the Court will grant a writ of habeas corpus directing the

---

[1] The proper respondent in a federal habeas corpus action is the applicant's custodial official. See 28 U.S.C. § 2243, R. GOVERNING § 2254 CASES R. 2(a). Accordingly, the Clerk of Court will be directed to substitute Mary Sabol, Warden of the York County Prison, as the sole respondent in this action.

Immigration Judge to conduct a bond hearing to determine if Brown is a flight risk or danger to the community.

I. **Background**

On or about December 8, 1989, Brown, a native and citizen of Jamaica, was admitted to the United States as a lawful permanent resident. (Doc. 8-3, Ex. 2).

On January 26, 2001, Brown was convicted of conspiracy to posses with intent to distribute cocaine and cocaine base,under the name of "Waynely Brown" in the United States District Court for the Western District of North Carolina. (Doc. 8-3, Ex. 4, Judgment in a Criminal Case). Brown was originally sentenced to a 240 month term of imprisonment. (*Id.*). The sentence was subsequently reduced to 210 months. (Doc. 8-3, Ex. 3, p. 1).

On May 2, 2013, based on Brown's conviction, ICE commenced removal proceedings against him charging him as removable from the United States pursuant to section 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA") for being convicted of the following two aggravated felonies: a "law relating to an attempt or conspiracy to commit an offense described in section 101(a)(43) of the Act," and "an offense relating to the illicit trafficking in a controlled substance, as described in section 102 of the Controlled Substances Act, including a drug trafficking crime, as defined in section 924(c) of Title 18, United States Code." (Doc. 8-3, Ex. 3, p. 3). ICE further charged Brown as removable pursuant to section 237(a)(2)(B)(i) of the INA for being convicted of a violation of (or a

conspiracy or attempt to violate) any law or regulation of a state, the United States, or a foreign country relating to a controlled substance (as defined in section 102 of the Controlled Substances Act), other than a single offense involving possession for one's own use of thirty (30) grams or less of marijuana. (*Id.*).

On August 13, 2013, Brown appeared before the immigration court. (Doc. 8-3, Ex. 5, Declaration of Matthew Basztura, Deportation Officer, Enforcement and Removal Operations, ICE, at ¶ 4). Brown stated that he hired an attorney, but the attorney was not present. (*Id.*). Therefore, the immigration court adjourned the proceedings. (*Id.*).

On September 10, 2013, Brown again appeared before the immigration court. (*Id.* at ¶ 5). His attorney once again failed to appear, and the removal proceedings were adjourned. (*Id.*). A master calendar hearing was scheduled to occur on October 2, 2013. (*Id.*). However, for reasons unknown, the hearing did not take place. (*Id.*).

On October 23, 2013, Brown filed an emergency motion to continue the hearing. (Doc. 8-3, Ex. 5, ¶ 7; Ex. 6, Emergency Motion to Continue). The master calendar hearing scheduled for October 23, 2013 did not take place. (Doc. 8-3, Ex. 5, ¶ 7).

On November 12, 2013, Brown appeared before the immigration court with a new attorney. (Doc. 8-3, Ex. 5, ¶ 8). For reasons not articulated, the court adjourned the proceeding. (*Id.*).

On November 26, 2013, Brown and his attorney appeared before the immigration

court. (*Id.* at ¶ 9). Pleadings were taken and Brown admitted all the allegations. (*Id.*). The immigration judge found Brown removable. (*Id.*). Brown's attorney requested an adjournment to look into possible relief from removal. (*Id.*). The immigration judge granted the request and adjourned the proceedings to January 14, 2014. (*Id.*).

On or about January 13, 2014, Brown filed a motion to continue the hearing. (Doc. 8-3, Ex. 5, ¶ 10; Ex. 7). On January 14, 2014, the immigration judge granted the motion, and rescheduled the hearing to February 11, 2014. (Doc. 8-3, Ex. 5, ¶ 10). However, for unknown reasons, the hearing did not take place on February 11, 2014. (*Id.* at ¶ 11).

On March 25, 2014, Brown appeared before the immigration court and filed an application for asylum. (*Id.* at ¶ 12). The hearing was adjourned for a hearing on the merits. (*Id.*). On August 18, 2014, Brown filed a motion to continue. (Doc. 8-3, Ex. 5, ¶ 13; Ex. 8). The immigration court granted the continuance. (Doc. 8-3, Ex. 5, ¶ 13).

On November 26, 2014, Brown was released from Bureau of Prisons custody and entered ICE custody. (Doc. 8-3, Ex. 5, ¶ 2; Ex. 9, Notice of Release and Arrival). By order dated March 23, 2015, an immigration judge ordered Brown removed to Jamaica and denied his application for deferral of removal under Article III of the Convention Against Torture. (Doc. 8-3, Ex. 5, ¶ 14; Ex. 10, Order of Immigration Judge). Brown reserved his right to appeal. (*Id.*). On April 1, 2015, Brown's appeal was received by the Board of Immigration Appeals ("BIA"). (Doc. 8-3, Ex. 5, ¶ 15; Ex. 11).

On August 14, 2015, the BIA ordered that the record be remanded to the immigration court for further proceedings "in light of the respondent's pro se written challenge to the charges of removability before his attorney entered an appearance, the subsequent concession of the charges by his attorney admittedly before having 'a proper interview' with the respondent, and the respondent's renewed pro se challenge to removability at his final hearing." (Doc. 9-1, Ex. 5, ¶ 16; Ex. 12, BIA Decision). On August 18, 2015, Brown filed a motion to terminate the removal proceedings. (Doc. 8-3, Ex. 5, ¶ 17).

On October 19, 2015, the immigration judge denied the motion to terminate. (Doc. 8-3, Ex. 13, Order of Immigration Judge). A hearing was held before the immigration judge for a hearing. (Doc. 8-3, Ex. 5, ¶ 18). Brown argued that the evidence did not establish that he was the individual convicted of the crime, and that ICE presented false evidence because his conviction record states that his name is "Waynely Brown" and not "Waneley Wray Brown." (*Id.*). The ICE attorney indicated that both names are listed as aliases for Brown. (*Id.*). During the hearing, Brown refused to state what relief from removal he would be seeking. (*Id.*). The immigration judge ultimately denied the motion to terminate and adjourned the hearing to allow Brown the opportunity to file for relief. (Doc. 8-3, Ex. 5, ¶ 18).

On October 22, 2015, Brown filed an interlocutory appeal of the immigration judge's decision to deny the motion to terminate. (Doc. 8-3, Ex. 5, ¶ 19; Ex. 14, Notice of Appeal

from a Decision of an Immigration Judge). On November 14, 2015, the BIA denied the appeal. (*Id.* at ¶ 19).

On January 14, 2016, Brown appeared before the immigration court for a hearing on the merits of the claims remanded by the BIA. (Doc. 8-3, Ex. 5, ¶ 20). Brown claimed that he never received the Government evidence. (*Id.*). The immigration judge noted that Brown had requested the record of proceedings from the court, but he did not receive them. (*Id.*). The immigration judge adjourned the hearing. (*Id.*).

The immigration proceedings remain pending. (*Id.* at ¶ 21).

## II. Discussion

This Court has jurisdiction over Brown's habeas petition and his claims challenging his prolonged pre-final order detention by ICE at the York County Prison as illegal and unconstitutional. *See Leslie v. Attorney General of U.S.*, 363 F. App'x 955, 957, n.1 (3d Cir. 2010) (*per curiam*) (citation omitted). In considering Brown's petition for writ of habeas corpus, this Court notes that he is not subject to a final order of removal, as the immigration proceedings remain pending. Thus, this Court is forced to address whether Brown is entitled to habeas relief in the nature of his release from the York County Prison pending the outcome of his immigration proceedings, or to order a bond hearing.

Respondent asserts that, because Brown has been provided the minimum due process to which he is entitled, his circumstances merit neither release nor a bond hearing.

Case 3:15-cv-02480-RDM-CA   Document 11   Filed 12/02/16   Page 7 of 9

(Doc. 8, pp. 9-17). In the alternative, Respondent argues that the immigration judge should be ordered to conduct a bond hearing. (*Id.* at pp. 17-20).

Following Brown's 2001 conviction of two aggravated felonies and an offense related to a controlled substance, there did exist a clear legal basis for ICE to detain Brown pending the outcome of removal proceedings. See *Diop v. ICE*, 656 F.3d 221, 230 (3d Cir. 2011). However, the Courts have cautioned that the constitutionality of detention is also, at least to some extent, a function of the length of detention. See *Diop*, 656 F.3d at 232. Although mandatory detention for some classes of aliens under § 1226(c) is constitutional, Justice Kennedy's concurring opinion in *Demore v. Kim, et al.*, 538 U.S. 510, 532, (2003), helps inform the *Diop* Court's emphasis that continued detention can become unconstitutional unless the government justifies its actions at a hearing designed to ascertain whether continued detention of the alien is necessary to achieve the law's stated purposes of preventing flight and minimizing potential dangers to the community. *Diop*, 656 F.3d at 233. The Court in *Diop* stresses that, at some point, absent an individualized bond hearing, continued detention becomes presumptively unreasonable. *Id.*

Brown has now been detained by ICE for twenty-four (24) months. Although the statutory law does seemingly dictate mandatory custody, "[w]e do not believe that Congress intended to authorize prolonged, unreasonable, detention without a bond hearing." *Hernandez v. Sabol*, 823 F. Supp. 2d 266, 272 (M.D. Pa. 2011). Section 1226(c) authorizes

detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community. See *Diop*, 656 F.3d at 231. Thus, the Court will direct that Brown be granted a bond hearing to ascertain whether the immigration court considers him a flight risk or a danger to the community were he to be released pending the outcome of his immigration proceedings. This Court sees no reason why Brown should not at least be afforded a bond hearing during which the immigration court can assess if Brown poses a danger to the community such that he should remain in detention pending proceedings.

This Court's decision is entirely consistent with other case law from the Middle District of Pennsylvania, as well as with the *Diop* Court's caution that prolonged detention of an alien (35-month detention in *Diop*), absent an individualized bond hearing, can become presumptively unreasonable. See *Bautista v. Sabol*, 862 F. Supp. 2d 375 (M.D. Pa. 2012). Following *Diop*, the Middle District Court has ruled that a petitioner, detained for approximately twenty (20) months under § 1226(c), was entitled to release while his appeal of removal was pending in the immigration court and the Board of Immigration Appeals. See *Gupta v. Sabol*, 2011 WL 3897964, *1 (M.D. Pa. 2011). The *Gupta* Court stated that such decisions reflect "a growing consensus within this district and throughout the federal courts [ ] that prolonged detention of aliens under § 1226(c) raises serious constitutional

concerns." *Id.* at *2. Thus, although this Court declines to grant the outright release of Brown in advance of a bond hearing, Brown's detention does require a bond hearing.

A separate Order shall issue.

Date: December 2, 2016

Robert D. Mariani
United States District Judge